UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re:                                             Case No. 03-32063-WRS
                                                   Chapter 7

TERRY MANUFACTURING
COMPANY, INC.,

    Debtor,

In re:
TERRY UNIFORM
COMPANY, LLC.,

    Debtor,                                      Case No. 03-32213-WRS
                                                   Chapter 7

J. LESTER ALEXANDER, III,
TRUSTEE OF TERRY
MANUFACTURING COMPANY, INC.,
AND TERRY UNIFORM COMPANY, LLC.

    Plaintiff,                                  Adv.Pro.No. 04-3135

v.

DELONG, CALDWELL, NOVOTNY
& BRIDGERS, LLC.,

    Defendant.

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon the Plaintiff's Motion for

Leave to File First Amended and Supplemental Complaint. (Doc. 23, Ex. A). The

Defendant opposes the motion. (Docs. 30, 31,32). The Court has considered the briefs

and memoranda submitted by both parties and for the reasons discussed below, the Plaintiff's Motion is GRANTED.

The Plaintiff has initiated this Adversary Proceeding seeking $352,718.44 paid by Terry Manufacturing Company Inc., ("Terry Manufacturing") to the Defendant.[1] (Doc. 1). The Plaintiff alleges that these payments constituted fraudulent conveyances within the meaning of 11 U.S.C. § 548 and under the Alabama and Georgia Fraudulent Transfer Act. (Doc. 1). The Plaintiff is seeking to amend and restate his complaint, pursuant to FED. R. CIV. P. 15(a), made applicable to Adversary Proceedings pursuant to Rule 7015, FED.R.BANK. P. The Plaintiff is seeking to amend his complaint by asserting the additional cause of action of legal malpractice under Georgia law and the Alabama Legal Services Liability Act. (Doc. 23). Also, Earnest H. DeLong, Jr., partner and principal in the Defendant law firm has been added as a Defendant. (Doc. 23). The Defendant contends that the Plaintiff's motion should not be granted because of the following: 1) the Plaintiff fails to state a claim against the Defendant firm because that firm never performed services on behalf of Terry Manufacturing; 2) the Rules of Professional Conduct do not give rise to a private cause of action; 3) the Alabama Legal Services Liability Act is not applicable because the legal services at issue were provided in the State of Georgia by a Georgia law firm in litigation filed in Georgia; 4) the Plaintiff's claims are barred by Alabama Code § 6-5-572(2) as the Defendant firm was not a "legal services provider" as defined under Alabama law; 5) the Plaintiff's claims are barred by Alabama Code § 6-5-578(b); 6) a majority of the fees at issue fall outside the period of time limitations allowed by Alabama Code § 6-5-574(a); 7) Alabama Code § 6-5-573

---

[1] Terry Manufacturing filed a voluntary Chapter 11 petition in this Court on July 7, 2003. (Case No.03-32063, Doc. 1). Terry Uniform filed a voluntary Chapter 11 petition on July 22, 2003. (Case No. 03-32213, Doc. 1). Both cases have subsequently converted to a case under Chapter 7.

requires an election of remedies by the Plaintiff; 8) the Plaintiff's claims are barred by principals of waiver and estoppel.

Despite a flurry of contentions put forth by the Defendant challenging the merits of the Plaintiff's claims, the specific rule that now commands this Court's attention is FED. R. CIV. P. 15(a). Rule 15(a) states that "leave shall be freely given when justice so requires." This rule is to be construed liberally and absent such elements as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. –the leave should, as the rules require, be 'freely given.'" (citation omitted). McKinley v. Kaplan, 177 F.3d 1253, 1258 (11th Cir. 1999); Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999); Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001); Smith v. Duff and Phelps, Inc., 5 F.3d 488, 493 (11th Cir. 1993); Thomas v. Davie, 847 F.2d 771, 773 (11th Cir. 1988); Czeremcha v. International Association of Machinists, 724 F.2d 1552, 1554 (11th Cir. 1984); Hall v. United Insurance Company of America, 367 F.2d 1255, 1262 (11th Cir. 2004).

Contrary to the multifaceted argument presented by the Defendant, the Court is not convinced that allowing the Plaintiff to amend his complaint would unduly prejudice the Plaintiff in any way. The Court notes that this is the Plaintiff's first motion to amend. Furthermore, of all the contentions put forth by the Defendant, there was no allegation of bad faith on the party of the movant, nor was their any assertion that the Defendant would be unduly prejudiced were the Plaintiff allowed to his amend his complaint. Accordingly, the Court finds that such factors are absent in this case. The Plaintiff in his reply brief

vigorously rebuts many of the merit based objections raised by the Defendant. (Doc. 32). However, given the context and spirit of liberality in which Rule 15(a) is to be interpreted, the Plaintiff need not reach that far. Whether or not the Plaintiff ultimately will succeed on the merits of his claims is a question for another day. Furthermore, such a question has little bearing upon whether the Plaintiff should be allowed the opportunity to test his claims in a trial setting. For these reasons, the Plaintiff's motion is due to be GRANTED.

Done this 14th day of April, 2005.

c: Brent Barriere, Attorney for Plaintiff
   Robert F. Northcutt, Attorney Defendant
   Debtors
   J. Lester Alexander, Trustee
   Teresa Jacobs, Bankruptcy Administrator

/s/ William R. Sawyer
United States Bankruptcy Judge