UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| In re | Case No. 03-32063 |
| --- | --- |
| TERRY MANUFACTURING COMPANY, INC., | Chapter 7 |
| Debtor. | |

| In re | Case No. 03-32213 |
| --- | --- |
| TERRY UNIFORM COMPANY, LLC, | Chapter 7 |
| Debtor. | |

| J. LESTER ALEXANDER, III, TRUSTEE OF TERRY MANUFACTURING COMPANY, INC. and TERRY UNIFORM COMPANY, LLC, | Adv. Pro. No. 04-03135 |
| --- | --- |
| Plaintiff, | |
| v. | |
| DELONG, CALDWELL, NOVOTNY, & BRIDGERS, LLC; DELONG, CALDWELL, LOGUE & WISEBRAM; DELONG & CALDWELL, LLC; and EARNEST H. DELONG, JR. | |
| Defendants. | |

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon the Motion for Summary Judgment filed by the Defendants, DeLong, Caldwell, Novotny & Bridgers, LLC, and Earnest H. DeLong, Jr., (hereinafter "Defendants"). The Plaintiff, the bankruptcy Trustee

J. Lester Alexander, III (hereinafter "Trustee") filed an opposition to the summary judgment motion. (Doc. 156). Both parties have briefed the issues. (Docs. 126, 156). Upon consideration of the pleadings, memorandums of law, statements of facts, and supporting declarations submitted by the parties, the Court finds that there are genuine issues of material facts with respect to the Trustee's four causes of action against the Defendants: legal malpractice, fraudulent conveyance, avoidance of fraudulent conveyances, and avoidance of preferential transfers. For the reasons explained below, Defendants' Motion for Summary Judgment is DENIED.

## I. FACTS

Terry Manufacturing, the debtor in the underlying bankruptcy case, was an Alabama corporation owned by two brothers, Roy and Rudolph Terry. In late 1999, Terry Manufacturing was sued by Commercial Factors of Atlanta in the Superior Court of Gwinnett County, Georgia. It appears from the Court's record that in January of 2000, Terry Manufacturing hired Mr. DeLong and Mr. Thomas of the law firm DeLong & Caldwell to represent it in the Commercial Factors litigation.[1] There is a factual dispute as to whether just the two attorneys or the entire law firm were retained to represent Terry Manufacturing. The Defendants contend that only Mr. DeLong and Mr. Thomas were retained and that the Terry brothers never intended to hire the law firm DeLong & Caldwell. (DeLong Decl. ¶ 9, Doc. 128; Rudolph Terry Decl. ¶ 28, Doc. 130). The Trustee disputes this, arguing that the law firm, and not just Mr. DeLong and Mr. Thomas, represented Terry Manufacturing. (Trustee's Facts ¶ 3, Doc. 156). Terry

---

[1] The law firm of DeLong, Caldwell, Novotny & Bridgers, the Defendant in this Adversary Proceeding, is the successor law firm of DeLong & Caldwell and DeLong, Caldwell, Logue & Wisebram.

Manufacturing was represented by Mr. DeLong until June 2003, when Terry Manufacturing filed for bankruptcy.

In this Adversary Proceeding, the Trustee asserts claims against the Defendants for legal malpractice, fraudulent conveyance, and avoidance of fraudulent and preferential transfers. (Doc. 161). Having reviewed the evidentiary submissions of the parties, particularly the two Statements of Facts submitted by both parties (Docs. 127, 156) and the Declarations submitted by Earnest DeLong, Jr. (Doc. 128), Roy Terry (Doc. 129), and Rudolph Terry (Doc. 130), it is apparent that many of the material facts are in dispute, precluding an award of summary judgment. The following facts appear to be disputed: First, the Trustee and the Defendants dispute whether Mr. DeLong informed the Terry brothers of the potential conflict of interest and whether the conflict was waived. Second, the Trustee and the Defendants also dispute whether the payments made to the Defendants were in exchange for substantially equivalent value and whether the Trustee can avoid the payments. Last, the Trustee and the Defendants dispute whether the payments were made to an insider or made in the ordinary course of business. The disputed material facts are discussed in more detail below. These disputed facts must be resolved at trial before the Court can dispose of this Adversary Proceeding.

## II. CONCLUSIONS OF LAW

The Court has jurisdiction to hear this Adversary Proceeding pursuant to 28 U.S.C. § 1334(b). This Adversary Proceeding asserts both core and non-core claims under 28 U.S.C. § 157(b)(2). This Adversary Proceeding is before the Court on Defendants' Motion for Summary Judgment. (Doc. 125).

## A. Summary Judgment

Summary judgment is only proper when there are no genuine issues of material facts and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56, made applicable to Adversary Proceedings pursuant to FED. R. BANKR. P. 7056. Rule 56(c) provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

FED. R. CIV. P. 56(c). "When a party moves for summary judgment, the court construes the evidence and makes factual inferences in the light most favorable to the nonmoving party." Thomas v. Gulf Coast Credit Servs., Inc., 214 F.Supp.2d 1228, 1231 (M.D. Ala. 2002). The court does not "weigh the evidence to determine the truth of the matter, but solely determines whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).

The initial burden is on the moving party to prove that there are no material facts in dispute. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The burden then shifts to the non-moving party to establish that there are material facts in dispute. Matsushita Elec. Indus. Corp. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "A dispute about a material fact is genuine if a reasonable jury could return a verdict for the nonmoving party, based on the applicable law in relation to the evidence presented." Thomas, 214 F.Supp.2d at 1231. If there are any material facts in dispute, summary judgment must be denied. Warrior Tombigbee Transp. Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir. 1983). In this Adversary Proceeding, as set forth in the discussion of the facts above,

the Court finds that material facts are in dispute, thereby precluding an award of summary judgment.

### B. Trustee's Claim Against Defendants for Legal Malpractice

The Trustee's first count against the Defendants is for legal malpractice under Georgia Law and the Alabama Legal Services Liability Act (ALSLA).[2] In support of the motion for summary judgment, the Defendants argue that Mr. DeLong is not subject to ALSLA, because he is not licensed to practice law by the State of Alabama. However, ALSLA provides that it applies to "[a]nyone licensed to practice law by the State of Alabama <u>or engaged in the practice of law in the State of Alabama</u>." ALA. CODE § 6-5-72(2) (emphasis added). The Court has already determined that Mr. DeLong engaged in the practice of law "as counsel of record in at least three separate cases in Alabama courts." (July 22, 2005 Mem. Decision p. 5, Doc. 76). Therefore, the Defendants' argument that they are entitled to summary judgment as to the Trustee's first count is without merit.

The Trustee's malpractice claims against the Defendants are based on the Trustee's assertion that Terry Manufacturing did not waive the conflict of interest. The Defendants claim, both in their Statement of Facts and through declarations, that the Terry brothers were aware of the conflict and effectively waived the conflict. (DeLong Decl. ¶ 11–19, Doc. 128; Rudolph Terry Decl. ¶ 10-19, Doc. 130). The Defendants assert that Mr. DeLong informed the Terry brothers of the conflict of interest that existed by representing both Terry Manufacturing and Rudolph Terry.[3] (Id.). The Defendants

---

[2] See ALA. CODE § 6-5-70 et seq.

further assert that Mr. DeLong counseled the Terry brothers to seek the advice of another attorney regarding the conflict. (Id.). Mr. DeLong and Roy and Rudolph Terry assert, through declarations, that they declined to seek independent legal advice and waived the conflict through informed consent. (Id.).

It appears undisputed that a conflict of interest existed in Mr. DeLong's representation of both Terry Manufacturing and Rudolph Terry. (DeLong Decl. ¶ 11, Doc. 128). The Trustee argues that the records contain no indication that Mr. DeLong ever informed the Terry brothers of the conflict or that a waiver was ever executed. (Trustee's Facts ¶ 14-17, Doc. 156). This discrepancy is evidence of disputed facts, which must be determined at trial.

### C. Trustee's Claims Against Defendants to Avoid Fraudulent Conveyances

The Trustee's second claim against the Defendants is for fraudulent conveyances under ALA. CODE § 8-9A-5 and GA. CODE ANN. § 18-2-74, and the Trustee's third claim is to avoid the fraudulent conveyances pursuant to 11 U.S.C. § 548. Section 548 of the Bankruptcy Code, as it stood at the time this proceeding was filed,[4] allows a trustee to avoid any transfer made by the debtor within one year of filing bankruptcy, if the transfer was for less than reasonably equivalent value and the debtor was insolvent at the time of

---

[3] A conflict of interest existed, because Terry Manufacturing and Rudolph Terry were both named as defendants in the Commercial Factors litigation. Mr. DeLong, in representing both Rudolph Terry and Terry Manufacturing, filed a motion for summary judgment on behalf of Terry Manufacturing, whereby he asserted that Rudolph Terry was acting outside the scope of his employment when he committed fraud. (DeLong Decl. ¶ 20-22, Doc. 128).

[4] Section 548 of the Bankruptcy Code was amended effective October 17, 2005, pursuant to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (Pub. L. No. 109-8) (BAPCPA). As both the underlying bankruptcy case and this Adversary Proceeding were filed prior to the effective date of BAPCPA, the amendments do not apply here.

the transfer.[5] 11 U.S.C. § 548(a)(1).

The Trustee claims that within one year of filing for bankruptcy, Terry Manufacturing made payments of approximately $860,998.54 to the Defendants but received either no value or substantially less value than the amount of the payments. (Pl.'s Am. Compl. ¶ 25-27, Doc. 161). The Defendants not only dispute the amount of the payments, but argue that any payments were attorney's fees for work performed by Mr. DeLong on behalf of Terry Manufacturing. (DeLong Decl. ¶ 30-31, Doc. 128). The Defendants further assert that Terry Manufacturing received significant value for the payments in the form of legal work performed over a three year period, totaling over 1,900 billable hours of work. (Id.). For support, the Defendants refer to the complexity of the litigation, the length of time spent, and the experience of Mr. DeLong.

The crux of these claims is whether the legal work performed by the Defendants was reasonably equivalent in value to the payments made by Terry Manufacturing to the Defendants.[6] Whether the payments were made in exchange for legal work of

---

[5] At the time this Adversary Proceeding was filed, the relevant subparts of § 548 provided:

> (a)(1) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily . . .
> (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation. . . .

11 U.S.C. § 548(a)(1)(B)

[6] Both the Alabama and Georgia fraudulent conveyance acts require the plaintiff to prove that the transfers or payments were given without receiving reasonably equivalent value.

"reasonably equivalent value" is necessarily a factual issue. "Actions to set aside alleged fraudulent conveyances are fact intensive by nature. Thus, the Court is hesitant to decide such matters at the summary judgment stage of litigation." Tidwell v. Gilbert (In re Grimes), 1997 WL 33419261, at *2 (Bankr. M.D. Ga. Mar. 3, 1997). Because the value of the services performed by the Defendants in exchange for the payments is in dispute, summary judgment is precluded, and this issue must be resolved at trial.

### D. Trustee's Claims Against Defendants to Avoid Preferential Transfers

The Trustee's fourth claim against the Defendants is to avoid preferential transfers under 11 U.S.C. § 547. Pursuant to § 547(b), a trustee may avoid a preferential transfer made within one year of filing for bankruptcy if the transfer was made to an "insider" within the meaning of § 101(31).[7] 11 U.S.C. § 547(b). However, the trustee has no authority to avoid a transfer that falls within one of the nine exceptions enumerated in § 547(c). Particularly significant to this litigation is whether the payments were made to the Defendants in the ordinary course of business pursuant to § 547(c)(2),

---

See GA. CODE ANN. § 18-2-74(a)(2) (stating that a transfer by the debtor is fraudulent if the debtor made the transfer "without receiving a reasonably equivalent value in exchange for the transfer . . ."); ALA. CODE § 8-9A-5(a) (stating that a transfer made by a debtor is fraudulent "if the debtor made the transfer without receiving a reasonably equivalent value in exchange for the transfer . . ."). Furthermore, 11 U.S.C. § 548(a)(1)(B) provides that a trustee may avoid a fraudulent transfer if the debtor "received less than a reasonably equivalent value in exchange for such transfer . . ."

[7] The relevant subparts of § 101(31) provide:

> The term "insider" includes--
> (B) if the debtor is a corporation-- (i) director of the debtor; (ii) officer of the debtor; (iii) person in control of the debtor; (iv) partnership in which the debtor is a general partner; (v) general partner of the debtor; or (vi) relative of a general partner, director, officer, or person in control of the debtor.

11 U.S.C. § 101(31)(B).

which provides that transfers made in the ordinary course of business are unavoidable.[8]

The Trustee asserts that because the payments were made to an insider during the one year period prior to filing the bankruptcy petition, they constituted avoidable preferences. The Defendants argue that Mr. DeLong was not an "insider" within the meaning of § 101(31). (DeLong Decl. ¶ 37-38, Doc. 128). The Defendants also seek shelter under § 547(c)(2), claiming that all payments were made in the ordinary course of business and are, therefore, unavoidable. (Defs.' Mem. Supp. Summ. J. 41, Doc. 126). The Trustee does not dispute the truth of the Defendants' assertion, but argues that the Defendants have offered no evidence about the ordinary course of business for similar law firms. (Pl.'s Opp'n Summ. J. 21, Doc. 156). The Trustee contends that the Defendants' failure to prove that the elements of § 547(c)(2) are met precludes summary judgment.

The Court agrees with the Trustee and finds that a genuine issue of material fact exists as to whether the payments were made to the Defendants in the ordinary course of business. "Generally, the defense provided by § 547(c)(2) is not suitable for determination by summary judgment." Osborne v. Howell Elec. Motors (In re Fultonville Metal Prods. Co.), 330 B.R. 305, 311 (Bankr. M.D. Fla. 2005). Because the

---

[8] As discussed in note 4, the BAPCPA Amendments to § 547(c) do not apply to this action. Section 547(c)(2), as it stood at the time this action was filed, provides:

> The trustee may not avoid under this section a transfer . . .
> (2) to the extent that such transfer was
> (A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee;
> (B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and
> (C) made according to ordinary business terms.

11 U.S.C. § 547(c)(2).

Defendants' § 547(c)(2) defense is necessarily fact determinative, it must be decided at trial.

## III. CONCLUSION

Based on the foregoing, the Court denies Defendant's Motion for Summary Judgment as to all four claims, because there are genuine issues of material facts in dispute.

Done this the 2nd day of November, 2006.

/s/ William R. Sawyer
United States Bankruptcy Judge