UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re<br><br>TERRY MANUFACTURING<br>COMPANY, INC.,<br><br>    Debtor. | Case No. 03-32063-WRS<br>Chapter 7 |
| In re<br><br>TERRY UNIFORM COMPANY, LLC.,<br><br>    Debtor. | Case No. 03-32213-WRS<br>Chapter 7 |
| J. LESTER ALEXANDER, III, TRUSTEE,<br><br>    Plaintiff<br><br>  v.<br><br>DELONG, CALDWELL, NOVOTNY, &<br>BRIDGERS, LLC, and EARNEST H.<br>DELONG, JR.,<br><br>    Defendants. | Adv. Pro. No. 04-3135-WRS |

## MEMORANDUM DECISION

This Adversary Proceeding was initiated more than two years ago. (Doc. 1). On November 14, 2006, the Court conducted a pretrial conference, at which time this Adversary Proceeding was scheduled for trial on January 30, 2007. Several matters were discussed, two of which will be addressed here. First, the Court will consider the Plaintiff's Motion to Strike the Affidavit of William G. Ross and Bar His Testimony at Trial. (Doc. 155). Second, the Court will discuss whether this Adversary Proceeding should be tried before a jury.

## I. PLAINTIFF'S MOTION TO STRIKE

Counsel for the Plaintiff, J. Lester Alexander, III (hereinafter "Alexander"), took the deposition of William Ross on August 4, 2006. Ross has been named as an expert by the Defendants, DeLong, Caldwell, Novotny, & Bridgers, LLC, and Earnest DeLong, Jr. (hereinafter "DeLong"), and he has been listed as a witness on DeLong's Pretrial Disclosures. (Doc. 174). Alexander complains that DeLong did not produce the expert report, as required by FED. R. BANKR. P. 7026. (Doc. 155). DeLong opposes the Plaintiff's Motion to Strike. (Doc. 174). DeLong notes that Alexander did not file a motion to compel, which is the usual remedy for inadequate disclosures. In addition, prior to entry of the Court's November 21, 2006 Scheduling Order, DeLong was not under a duty to make Rule 26(a)(2) disclosures. It appears from the record that the disclosures have now been made. (Docs. 171, 172, 173). For the reasons set forth in DeLong's response, Alexander's motion is DENIED.

The Court notes that if Alexander has any concerns about the adequacy of DeLong's disclosures, he may raise them at the January 9, 2007 final pretrial conference. The Court would prefer to cure any deficiencies in DeLong's disclosures and would bar Ross's testimony only as a last resort. Moreover, if Alexander has any concerns, he should make a good faith effort to resolve them informally with DeLong in advance of the January 9 conference.

## II. DELONG'S JURY DEMAND

DeLong made a timely demand for a jury trial at the outset of this Adversary Proceeding. (Doc. 8). A bankruptcy court does not have the authority to conduct a jury trial absent the consent of all parties. 28 U.S.C. § 157(e). DeLong does not consent to a jury trial in bankruptcy court. (Doc. 83).

Alexander argues that DeLong has waived his right to trial by jury as a result of his failure to timely move to withdraw the reference. (Doc. 121). The District Court held, in a decision handed down earlier this year in another case, that the failure to timely move to withdraw the reference operated as a waiver to the right to trial by jury. Reding v. Gallagher (In re Childs), 342 B.R. 823, 830 (M.D. Ala. 2006). As of the date of this order, DeLong has not moved to withdraw the reference of this case. 28 U.S.C. § 157(d); FED. R. BANKR. P. 5011. The Court finds that DeLong has waived his right to trial by jury. The Adversary Proceeding will be tried before the undersigned Bankruptcy Judge without a jury on January 30, 2007, at 9:30 a.m. (Doc. 168).

Done this the 14th day of December, 2006.

/s/ William R. Sawyer
United States Bankruptcy Judge