UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re<br><br>TERRY MANUFACTURING<br>COMPANY, INC.,<br><br>      Debtor. | Case No. 03-32063-WRS<br>Chapter 7 |
| J. LESTER ALEXANDER, III,<br>TRUSTEE,<br><br>      Plaintiff,<br><br>  v.<br><br>DELONG, CALDWELL, NOVOTNY &<br>BRIDGERS, LLC; DELONG,<br>CALDWELL, LOGUE & WISEBRAM;<br>DELONG & CALDWELL, LLC; and<br>EARNEST H. DELONG, JR.,<br><br>      Defendants. | Adv. Pro. No. 04-3135-WRS |

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW
SUBMITTED BY BANKRUPTCY JUDGE WILLIAM R. SAWYER
TO THE DISTRICT COURT**

Pursuant to 28 U.S.C. § 157(c), the undersigned submits these proposed findings of fact and conclusions of law.

**I.  INTRODUCTION**

This Adversary Proceeding was tried in Bankruptcy Court over a four day period beginning on January 30, 2007. The issues were set out in the Second Amended and Restated Complaint of J. Lester Alexander, III, (Doc. 161), in a four count complaint. Count I of the

1

complaint is for attorney malpractice. As this is not a core proceeding, and as the Defendants have not consented to entry of a final judgment by the undersigned, proposed findings of fact and conclusions of law are submitted to the District Court. Count II of the complaint was to set aside fraudulent transfers pursuant to 11 U.S.C. § 544(b), and State law. For the reasons set forth in the Bankruptcy Court's Memorandum Decision, judgment is entered in favor of the Trustee. As that is a core proceeding, the Bankruptcy Court may enter final judgment. Counts III and IV are for fraudulent conveyances under 11 U.S.C. § 548 and voidable preferences under 11 U.S.C. § 547 respectively, and for the reason set forth in the Memorandum Decision, those claims are dismissed with prejudice.

## II. FINDINGS OF FACT

The undersigned incorporates by reference the Memorandum Decision entered this date in this Adversary Proceeding.

As was clearly established in the Memorandum Decision, DeLong is a Georgia lawyer who represented Terry Manufacturing in the Commercial Factors litigation in Gwinnett County, Georgia. DeLong was retained initially to represent Terry Manufacturing in the Commercial Factors case. When Commercial Factors amended its complaint to add Rudolph Terry as an additional named Defendant, DeLong represented him as well. The Trustee contends that the interests of Rudolph Terry and Terry Manufacturing conflict and that by representing both Defendants, DeLong committed malpractice.

The interests of Terry Manufacturing and Rudolph Terry do in fact conflict. DeLong contends that Terry Manufacturing waived any conflict, offering his own testimony as well as the testimony of both Rudolph and Roy Terry. The testimony of all three was consistent in that

2

the conflict of interest was discussed and expressly waived. The Terry brothers together owned 100% of the common stock of Terry Manufacturing, and they were President and Vice President of the corporation. It is undisputed that there was not a written waiver of the conflict of interest. The testimony here was not without difficulty. DeLong is a Defendant and for that reason, he is biased. In addition, both of the Terry brothers are convicted felons whose testimony is not to be accepted at face value. Acknowledging all of the problems with the proof here, the undesigned nevertheless finds that the conflict of interest was waived.

### III. CONCLUSIONS OF LAW

As set forth in the Memorandum Decision of this date, Georgia law applies. "In a legal malpractice action, the plaintiff must established three elements: '(1) employment of the defendant attorney, (2) failure of the attorney to exercise ordinary care, skill and diligence, and (3) that such negligence was the proximate cause of damage to the plaintiff.'" Allen v. Lefkoff, Duncan, Grimes & Dermer, P.C., 453 S.E.2d 719, 720 (Ga. 1995). The Georgia Code of Professional Responsibility "do[es] not play a role in shaping the 'care and skill' ordinarily exercised by attorneys practicing law in Georgia." Id. at 721.

As set forth in Part II above, the undersigned found that the conflict of interest was waived. Thus, there was no violation of the pertinent ethical rules by DeLong here. As the Trustee's malpractice claim is predicated solely on the theory that DeLong breached an ethical duty, his failure to establish such a breach is fatal to the malpractice claim. For this reason, the undersigned concludes that DeLong did not commit malpractice. The Court has read the decisions cited by the parties and undertaken its own research independently. The Court is unable to find any reported decisions where a malpractice action was predicated on an

Case 04-03135    Doc 205    Filed 05/29/07    Entered 05/29/07 17:03:59    Desc Main
Document      Page 3 of 4

unwaivable conflict of interest where a lawyer represented a corporation and its principals.

Therefore, Count I of the complaint should be dismissed with prejudice.

       Done this the 29th day of May, 2007.

       /s/ William R. Sawyer
       United States Bankruptcy Judge

4